Lucas v. Mueller, 183 Wis. 529.

LUCAS, Appellant, vs. MUELLER and another, Defendants: INTERSTATE EXCHANGE, Garnishee.

*March 14—April 8, 1924.*

*Indemnity insurance: Liability for injuries caused by automobile of insured: Owner not driving: Construction of policy.*

1. An indemnity policy insuring an automobile owner against loss by reason of liability to others for injuries on account of any accident due to the ownership, maintenance, or "use by him-

self" of a described automobile, does not cover liability for injuries sustained in an accident which occurred while a person other than the owner was driving, though the owner at such time was an occupant of the automobile.    p. 532.

2. Insurance policies should be construed most strongly in favor of the insured; but the court should not disregard the plain meaning and intent of the policy when it is clearly and definitely expressed.    p. 532.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

We shall state only such facts as are necessary to present the question decided.

The plaintiff was struck and injured by the defendant *Mueller's* automobile while the same was being operated by one Lillian Sangstead, *Mueller* at the time being in the car and in the front seat thereof. Suit was begun against *Mueller* and Miss Sangstead, which resulted in a judgment in favor of the plaintiff for $1,200. *Mueller* was insured in the defendant *Interstate Exchange,* and a garnishment suit was begun on the theory that under the policy of insurance the defendant *Mueller* had sustained a loss, the amount of which was presently due from the *Interstate Exchange* to *Mueller.* Issue was joined on the garnishee defendant's answer. Upon the trial the civil court of Milwaukee county held that a garnishment action did not lie, first, because the policy in question was an indemnity policy; and second, that the *Interstate Exchange* was not estopped to set up that the insured, *Arthur C. Mueller,* was not driving the car at the time and place in question. The action was then appealed to the circuit court for Milwaukee county, the circuit court affirmed the judgment of the civil court, but upon slightly different grounds, and from the order affirming the judgment of the civil court the plaintiff appeals.

For the appellant there was a brief by *Brennan, Lucas & O'Day* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the garnishee defendant there was a brief by *Schoetz,*

*Williams & Gandrey* of Milwaukee, and oral argument by *Clifton Williams.*

ROSENBERRY, J. A number of questions are raised, but we find it necessary to consider only one, and that is as to whether or not the terms of the policy insured the defendant *Mueller* against liability arising under the admitted circumstances of this case.

On the third page of the policy is a schedule of statements, in which the following is found: "The car will be used for 'Pleasure only, owner driving,' " — the words "Pleasure only, owner driving" being inserted with a pen in a blank prepared for that purpose. The rider, under and by virtue of which the defendant *Exchange* is liable if at all, is as follows:

"This indorsement, when properly executed and attached to policy No. ——, evidences that the insured is insured against loss by reason of his legal liability to others for bodily injuries accidentally sustained, including death at any time, resulting therefrom on account of any accident due to the ownership, maintenance, or use by himself, employee or member of his family of any automobile described in this policy, subject to the conditions of this policy. . . .

"As to this indemnity and this indorsement, particular attention is called to the statement as to the use of the automobile or automobiles insured, contained in the schedule of statements attached hereto. The insured should be very careful not to deviate from the stated use because the occurrence of an accident while doing so is clearly not under this indemnity."

It is contended by the plaintiff, and the circuit court held, that the words "or use by himself" included a use by the defendant *Mueller* personally, even though the other occupant of the car was at the wheel driving. It is the contention of the defendant *Exchange* that the policy was written at a lower rate because of the limitation contained in the terms of the policy that the car was to be used for pleasure only, owner driving, and that this limited use is referred to

in the last clause quoted and limited the meaning of the words "use by himself," and that therefore no liability exists for any damage occasioned by the car, even though *Mueller* was a passenger therein, if the car was in fact being driven by some one other than *Mueller,* the owner.

If the language does not express the meaning contended for by the defendant *Exchange,* it is difficult to conceive language that would. The words "employee or member of his family" are stricken out. Attention is called in the rider to the provision in the schedule of statements, and it is agreed that if the insured deviates from the stated use, that during that period any accident occurring will not be covered by the policy. While insurance policies should be construed most strongly in favor of the insured, this does not require that the court disregard the plain meaning and intent of the policy when it is clearly and definitely expressed.

The defendant *Exchange* not being liable to the defendant *Mueller* under the terms of the policy, there was nothing due and we do not need to consider the meaning of the words "loss by reason of his legal liability to others."

*By the Court.*—Order appealed from is affirmed.