CALUMET AUTO COMPANY, Respondent, vs. DINY, Appellant.

*April 6—May 11, 1926.*

*Negligence: Damage to subject of bailment: Negligence of bailee: Not imputed to bailor: Amount of damages: Practical destruction of used automobile.*

1. The contributory negligence of one using a second-hand car of a garage owner while his own car was being repaired cannot be imputed to the owner where the car was damaged by a third person. p. 86.
2. The doctrine of imputed negligence applies to bailor and bailee only where some relation, like that of principal and agent, master and servant, or the family relation. exists. so that the act of negligence may be said to be the act of the party injured. p. 86.
3. An award of $250 damages to the automobile is *held* sustained by evidence that it was worth $275 when it was loaned, that it would cost more than $275 to put it in serviceable condition, and that it had a value of $25 as junk. p. 86.

APPEAL from a judgment of the circuit court for Calumet county: FRED BEGLINGER, Circuit Judge. *Affirmed.*

L. P. *Fox* of Chilton, for the appellant.
*Helmuth F. Arps* of Chilton, for the respondent.

OWEN, J. This action was brought by the plaintiff to recover for damages to one of its automobiles occasioned

by the negligence of the defendant while said automobile
was in the possession of a bailee. It appears that one Wolf-
meyer left his car at plaintiff's garage to be repaired. Plaint-
iff loaned one of its second-hand cars to Wolfmeyer to be
used by him while his car was being repaired. On the 16th
day of September, 1923, Wolfmeyer was driving said car
along the highway with the intention of turning in upon a
private driveway leading to farm premises on the right side
of the highway. Before turning to drive into said premises,
and in order to facilitate the turn, he drove over to the left
of the highway. The defendant was driving his car on the
right side of the highway a short distance behind Wolf-
meyer. When Wolfmeyer slowed down and turned to the
left side of the highway the defendant attempted to pass
him on the right side. When Wolfmeyer turned to the
right to enter upon the driveway leading to said premises,
defendant was too close to stop, and his car collided with the
plaintiff's car driven by Wolfmeyer, inflicting damage which
plaintiff seeks to recover in this action.

The case was tried by the court without a jury. The
court found both Wolfmeyer and the defendant negligent,
held that Wolfmeyer's negligence was not imputable to the
plaintiff, and rendered judgment in favor of the plaintiff
and against the defendant.

Three questions are presented by this appeal: First,
whether the finding of defendant's negligence is supported by
the evidence; second, whether the negligence of Wolfmeyer
is imputable to the plaintiff; and third, whether the damages
are excessive. The court found that the defendant was neg-
ligent in driving at an excessive rate of speed and in failing
to blow the horn or to give warning that he was passing
Wolfmeyer on the right. Without discussing the question
of whether the defendant was driving at an excessive rate
of speed, we consider the finding that the defendant was neg-

ligent in failing to give any warning of his intention to pass the car driven by Wolfmeyer on the right is fully justified, considering that matter, as it properly is, a question of fact.

The relation existing between plaintiff and Wolfmeyer was that of bailor and bailee. While the early cases held that the negligence of a bailee is imputable to the bailor, the decided weight of modern authority is in favor of the rule that in bailments other than for carriage the contributory negligence of the bailee is not imputable to the bailor where the subject of the bailment is damaged by a third person. Notes in 6 A. L. R. 316; 30 A. L. R. 1248. We approve of the latter doctrine. We see no reason for imputing the negligence of the bailee to the bailor. The relation does not clothe the bailor with any control, supervision, or direction over the acts of the bailee. The doctrine of imputed negligence applies only in cases where some relation like that of principal and agent, master and servant, or the family relation, exists, so that the act of negligence may be said to be the act of the party injured. This conclusion is made necessary by the decision in *Crossett v. Goelzer*, 177 Wis. 455, 188 N. W. 627, where it was held that a father is not liable for the negligence of his son for damages committed by the son while driving the father's automobile unless the son was engaged in the prosecution of the father's business. We hold that the contributory negligence of Wolfmeyer is not imputable to the plaintiff and that the plaintiff is entitled to recover.

Upon the question of damages, the evidence showed that the automobile was worth $275 when loaned to Wolfmeyer; that it would cost more than that amount to place it in a serviceable condition, and that after the accident it was worth only $25 for junk. The court found in accordance with this testimony, and rendered judgment in favor of the plaintiff for $250. This testimony was disputed only by that of the defendant, who, concededly, had no special

knowledge of the cost of repairing the automobile. The finding of the court·was well sustained by the evidence and cannot be disturbed.

*By the Court.*—Judgment affirmed.