MAUEL, by guardian *ad litem*, Appellant, vs. WISCONSIN AUTOMOBILE INSURANCE COMPANY, LTD., Respondent.

*March 7—April 11, 1933.*

232

The cause was submitted for the appellant on the brief of *Eberlein & Larson* of Shawano, and for the respondent on the briefs of *Richmond, Jackman, Wilkie & Toebaas* of Madison.

FAIRCHILD, J. After the owners of the garage were discharged by the court in the action begun against them as described in the complaint, an execution was issued against Knapp to recover the amount of damages awarded against him; the execution was returned wholly unsatisfied. No appeal was taken from the judgment discharging the owners of the garage, who were the assured under the policy with which we are concerned. This policy states clearly that the assured were protected against liability imposed by law, and that the insurer undertook the payment of any such liability.

The learned trial judge declared himself to be of the opinion that the policy in question covered the garage operations only and insured the owners against liability for negligence of agents and employees in the performance of duties; that Knapp, who at the time was driving a car for the purpose of deciding whether or not to purchase it, was a bailee and

not acting in any capacity for the garage and therefore was not covered by the policy. The stipulation in the contract of insurance is as follows: "against loss by reason of the liability imposed by law upon the assured on account of (1) bodily injuries . . . accidentally suffered . . . by reason of the maintenance, conduct, and operation of the garage . . . at the location described herein; . . . incidental to and necessary in the conduct of the business of the assured. . . ." Unless the statute which makes provision for extended coverage adds something more to the terms of this policy, the stipulation just quoted limits responsibility of the respondent to liabilities of the garage and requires the sustaining of the demurrer to the complaint.

The appellant under the pleading is confronted with a situation in which the assured have been exonerated from any and all liability in connection with the accident. When the trial of the issues between the owners of the garage and the plaintiff occurred, the circuit court discharged the owners from the action against them, and as the record now stands no liability imposed by law exists against them. The ruling of the trial court in that respect has never been questioned and appears to be sustained by the doctrine of the cases of *Calumet Auto Co. v. Diny,* 190 Wis. 84, 208 N. W. 927; *Verheyen v. Trettin,* 200 Wis. 205, 227 N. W. 861; *Kruse v. Weigand,* 204 Wis. 195, 235 N. W. 426. Appellant insists, however, first, that Knapp was covered by insurance because the policy covers the use of any automobile incidental to and necessary in the conduct of the assured's business; and second, sec. 204.30 (3), Stats., does not specifically rule out coverage as to Knapp, who was the driver of the car. While he was using the car for the purpose of determining upon its purchase he was acting in his own interest, and although the purchase by him of the machine might ultimately be beneficial to the assured, still Knapp was acting for his own purposes and not for the garage. The insurance

promised in the contract is explicitly stated to be "against loss by reason of the liability imposed by law upon the assured. . . ." As stated in *Calumet Auto Co. v. Diny, supra,* the law is that the lending of a car by a garage to the customer does not create against the owner a liability arising out of negligent driving of the customer.

We are of the opinion that the circuit court correctly ruled that Knapp was not an additional assured under the "omnibus coverage" because the "omnibus coverage" does not apply to public garages. The statute, sec. 204.30 (3), contains this exclusion provision: ". . . no coverage afforded by this paragraph shall apply to a public automobile garage . . . or the agents or employees thereof." This section was enacted in 1925, and, while not an ancient law, it is of such nature and scope that its construction by administrative authorities may properly be considered. The insurance commissioner under date of June 25, 1930, addressed a letter to all insurance companies licensed to do automobile liability and property damage insurance in the state of Wisconsin, in which he said:

"In accordance with the opinion of the attorney general dated June 17, 1930, it is held to be unlawful to issue an automobile liability and property damage policy, other than a policy covering a public automobile garage or an automobile repair shop, sales agency . . . or employees thereof, to which is attached a 'Named Driver' or 'Owner Driver Only' indorsement, or any other form of indorsement which would limit the protection contrary to the provisions of sec. 204.30 (3), Stats., which makes the 'omnibus coverage' provision mandatory for all companies."

The section provides for extended coverage to apply in the same manner and under the same provisions as is applicable to the named assured, to any person or persons while riding in or operating any automobile described in the policy. The exception as to garages pointed out in the letter of the insurance commissioner and quoted above from the statute

is that the extended coverage shall not apply to a public automobile garage, repair shop, or other service institutions of that nature. There are reasons for distinctive insurance as between privately owned cars and cars owned or possessed by a public garage. As suggested in the briefs, sec. 204.30 (3) does not apply to policies issued on payroll basis to public garages. The wording of the section indicates the existence of two varieties of policies, one known as the privately owned car policy which is affected with the omnibus coverage, and the other known as public garage policy which is excluded therefrom. In the privately owned car policy the car is definitely described as to motor, serial number, and type, and is issued in consideration of the payment of a fixed premium; a public garage policy does not insure any particular car and insures against liability imposed on a garage because of negligent handling of cars irrespective of ownership. These distinctions are important in construing the statute involved. The first part of the section provides: "No such policy shall be issued or delivered in this state . . . to the owner of a motor vehicle. . . ." This legislation seems to have followed after the decision of *Lucas v. Mueller,* 183 Wis. 529, 198 N. W. 286, the facts of which case were: the assured was riding in the front seat of an automobile with a companion who was driving when the accident occurred. The policy there was limited to a particular driver, and the court was obliged to hold under the terms of the policy that there was no coverage as to the companion who caused the accident. In the enactment under consideration the legislature is dealing with a policy covering a specific car. The extended coverage clause statute refers to "operating an automobile described in this policy." There are other sentences of similar significance such as "operating any automobile described in this policy," "legally responsible for the operation of such automobile," "in the event an automobile covered by this policy is sold, . . . the purchaser . . . shall

not be covered as an additional assured without written consent of the company, evidenced by indorsement hereon."

The policy under which the appellant is seeking recovery does not deal with liability arising from negligent operation of any particular car, but was issued to protect the garage owners from liability imposed by law upon them from the operation, incidental to and necessary in the conduct of this business, of any motor vehicle, whether owned or possessed. It appears that Knapp was not using the car for the benefit of the insured but for his own purpose. And the assured being a garage, the extended coverage provided by sec. 204.30 (3) does not attach to the policy.

The comparatively recent enactment of the statute does not afford the practical construction which it has received, the dignity that more years of adherence thereto might give it, but considering the well known nature of the business and the large number of policies extant, the insurance commissioner's construction under the circumstances here existing is entitled to considerable weight. *State v. Johnson,* 186 Wis. 59, 202 N. W. 319; *Marinette, T. & W. R. Co. v. Railroad Comm.* 195 Wis. 462, 218 N. W. 724. This statute has been before the commissioner of insurance for upwards of seven years and during that time there has never been any direction to insurance companies to include omnibus coverage in garage policies. His construction is a fair reading of the legislative intent from the language used in the statute. We concur in the view adopted by the court below.

*By the Court.*—Order affirmed.