SCHMIERER, Respondent, v. MERCER (ZURICH
GENERAL ACCIDENT AND LIABILITY INSURANCE
CO., LTD., Garnishee) Appellant

(297 N. W. 682.)

(File No. 8406. Opinion filed April 29, 1941.)

**Philip & Leedom,** of Rapid City, for Appellant.
**Max Stokes,** of Aberdeen, for Respondent.

RUDOLPH, J. Plaintiff in this action recovered a judgment against the defendant, D. W. Mercer, as the result of a certain automobile accident which occurred while the defendant was in the city of Aberdeen participating in a baseball tournament. The defendant at the time was an employee of the Rapid Motor Company. The car, which defendant was driving, was owned by him, and in addition to being used for his own purposes, was used as a demonstrator in selling cars for the Rapid Motor Company. Defendant's employment with the company was that of salesman, and so far as established by this record, he was not, at the time of the accident, performing any duty as a salesman; he had simply, on his own account, driven his car from Rapid City to Aberdeen. At the trial of the case wherein judgment was rendered against the defendant, counsel for the garnishee-defendant, Zurich General Accident and Liability Insurance Company, Ltd., appeared and conducted the defense. However, prior to participating in this trial, the garnishee-defendant advised Mr. Mercer that it did not consider itself liable under the policy of liability insurance hereinafter referred to, and that it would not proceed to defend the case unless and until Mr. Mercer executed the instrument described in the record as Exhibit 3, which is as follows:

"I make this statement in the interests of my employer, the Rapid Motor Company, inasmuch as the information herein contained might become significant and important if any claim should ever be made against my employer because of the accident which I had on the trip and which I have mentioned above. I also agree that if the Zurich General Accident and Liability Insurance Company, Limited, or any other company or individuals, offer to assist me in the defense of the suit, which has been started against me individually by Adella Ann Schmierer in the Circuit Court of

Brown County, South Dakota, on account of said accident, such assistance will be merely a gratuity on the part of the person or company giving it, and I shall not in anyway, or at any time construe or attempt to construe such assistance in my defense to mean that I am protected by any policy of insurance that may have been issued to my employer, the Rapid Motor Company, or to Mr. Ernest D. Root, formerly of that company. On the contrary I definitely understand that such assistance in my defense is merely an accomodation to me.

"Dated at Rapid City, South Dakota, this 4th day of May, A. D. 1938.                          "D. W. Mercer."

Mr. Mercer signed and delivered to the garnishee-defendant Exhibit 3 prior to its participation in the, principal action.

Liability of the garnishee in this case is predicated upon a certain policy of liability insurance, issued by the garnishee-defendant to the Rapid Motor Company. The determination of this proceeding must of necessity depend upon the construction to be placed upon this policy of insurance. The Rapid Motor Company is not a party to this proceeding, neither was it a party to the principal action, so it is clear that no question of the liability of that company is here involved. The principal question here presented is whether the policy of insurance issued by the garnishee covers the liability of the defendant, Mercer. The pertinent provisions of the policy, so far as here applicable, are, as follows: Item 1 under the declarations of the policy is as follows: "Name of Insured, Rapid Motor Company."

Under "Insuring Agreements" there appears Coverage "A", as follows: "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him ·by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of such of the operations hereinafter defined as are indicated by specific premium charge or charges in Item 3 of the declarations."

Operations within the meaning of this insuring agreement of the policy, so far as here material, are defined as follows: "The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

Under definition of "Insured", the policy contains the following: "The unqualified word 'insured' includes not only the named insured but also any partner thereof if the named insured is a partnership, and the president, vice president, secretary and treasurer of the corporation if the named insured is a corporation, with respect to the operation, for business or pleasure, of any automobile owned by or in charge of the named insured, except an automobile owned by such partner or officer or by a member of his family; but this provision shall apply only with respect to any such partner or officer who earns remuneration which is included in the total remuneration upon which premium for this policy is based, as hereinafter provided."

The provision in the policy forming the basis for the payment of premiums is as follows: "The premium for insurance under divisions 1 and 2 of the Definition of Operations is based (a) on the entire remuneration earned during the policy period by all of the employees of the named insured engaged in the declared operations except that remuneration of salesmen and general managers is to be included on the basis of a fixed amount of $2,000 per annum for each salesman and general manager and (b) on the remuneration earned during the policy period by the proprietor or proprietors, if the named insured is an individual or partnership, and by the president, any vice president, secretary, treasurer and any other executive officer active in the defined operations, if the named insured is a corpora-

tion, on the basis of a fixed amount of $2,000 per annum for each such proprietor or executive officer."

Under this provision of the policy premiums were in part determined upon the remuneration earned by the defendant, Mercer, as a salesman.

■ Under these provisions of the policy Mercer was neither a named insured nor within the definition of insured; he was neither a partner in a partnership which was insured, nor president, vice-president, secretary and treasurer of the insured corporation. Under the insuring agreement the obligation of the insurer is to pay only "on behalf of the insured all sums which the insured shall become obligated to pay." Mercer not being an insured within the terms of the policy, we are convinced that there is nothing upon which to fix liability upon the garnishee-defendant. The respondent contends and the trial court apparently determined that the garnishee-defendant is liable under the third provision of the policy, set out above, which defines the operations insured against, but clearly there is no part of this provision which places liability upon the company to any one not falling within the class of an insured. The obligation of the policy is only to pay a liability imposed upon the insured. Neither does the fact that premiums were based upon the salary received by Mercer include him within the class insured under the policy, nor obligate the company to pay any liability imposed upon Mercer. Under this policy of insurance premiums are based upon Mercer's remuneration not for the purpose of including Mercer in the policy as an insured, but should Mercer, an employee of the named insured, by some act of his impose liability upon the insured, such liability would be insured against under the terms of this policy, and for this reason premiums are based upon the remuneration received by Mercer as an employee. The obligation of the insurer is simply to pay the liability incurred by the insured and this obligation to pay contemplates that a liability might be imposed upon the insured through some act of Mercer or other employee, and hence the remuneration received by such employees is used as the basis for the determination of premiums. It is perhaps un-

necessary but, nevertheless, we point out that this policy of liability insurance contains no provision which includes among the insured not only the named insured, but also any person while using the insured's automobile with the permission of the insured. We find nothing in this policy to extend the coverage to include any liability imposed upon Mercer. The coverage by the terms of the policy, which we believe are definite and clear, extend only to the named insured and those within the meaning of the definition of insured as set out in the policy. Mercer is neither.

■ If, absent Exhibit 3, the facts in this case would bring it within the rule announced in Ziegler v. Ryan, 66 S. D. 491, 285 N. W. 875, we are of the opinion the effect of Exhibit 3 is to entirely destroy the reasons which support the rule announced in the Ziegler-Ryan case. In the light of Exhibit 3 the actions of the garnishee-defendant in defending Mercer can be considered neither as a waiver nor as an estoppel within the meaning of the Ziegler-Ryan case. See cases cited Annotations 81 A.L.R. 1382-1397.

■ When this action was called for trial before the circuit court of Brown County, the plaintiff's attorney moved the court for an order requiring the garnishee-defendant to produce at the trial of the case the original duplicate carbon copy of the policy of insurance issued by the garnishee-defendant to the Rapid Motor Company, and counsel for garnishee-defendant stated that he would be willing to produce such copy. It appears that there was produced from the files of the insurance company a carbon copy of the typed portions of the policy issued together with a specimen copy of the policy. It is not shown in the record that the insurance company has any other carbon copy of the policy issued or that the insurance company failed to produce everything in its possession material to the issue being tried. There was no justification for the trial court after the case was fully tried and under the showing made to order the answer of the defendant to be stricken. The record is entirely devoid of any showing other than that the garnishee-defendant produced everything in its possession regarding this policy.

The judgment appealed from is reversed.
All the Judges concur.