ALBERS and others, Plaintiffs, v. SHAPIRO and another, Defendants and Appellants : UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Impleaded Defendant and Respondent.

*November 27—December 20, 1963.*

For the appellants there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *T. H. Skemp* and *William P. Skemp*.

For the respondent there was a brief by *Schlotthauer, Jenswold, Reed & Studt* of Madison, and oral argument by *Robert R. Studt*.

FAIRCHILD, J. The motion for summary judgment was submitted on a stipulation of facts. The parties agreed that Schmidt did not set apart any particular vehicle for permanent family use, but he and his wife took automobiles from the business premises for several weeks at a time and used them for personal purposes. The automobile involved in the accident was taken directly from the used-car lot and the loan to the garage customer was made in the course of the garage business. Shapiro used it for his own purposes, and not as an agent of Schmidt.

The question of law is whether Shapiro, while operating the automobile with the permission of Schmidt, was an "insured" under the policy issued by Universal, either as a result of interpretation of the policy, or by operation of sec. 204.30 (3), Stats., providing for omnibus coverage.

The policy obligated Universal to pay all sums which the insured shall become legally obligated to pay as damages because of bodily injury or injury to property arising out of the use of any automobile. The policy provided that unless otherwise stated the schedules disclose all hazards insured known to exist at the effective date of the policy. Schedule A, "Description of Hazards," provided under "Owned Automobiles" "Garage Liability (Premises-Operations-Automobiles) Subject to all the terms and conditions of this policy and Form No. Wisc.—6735 UU." It also provided: "Coverage is provided under Endorsement 8612a for any automobile removed by the Named Insured from the Named Insured's business premises for the non-business use of the Named Insured." Both Mr. and Mrs. Schmidt were named as individuals for whom coverage was provided.

Form WISC. 6735 UU, attached to the policy, is entitled "WISCONSIN ENDORSEMENT GARAGE (Premises-Operations-Automobiles)." It provides: "It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies to the

hazard defined below, subject to the following provisions." The hazard is defined, with certain exceptions as: "The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations."

It then provides that with regard to the defined hazard, the definition of insured in the policy is null and void and substitutes a definition which includes the named insured and others having specified agency, business, or family relationships to the named insured. The definition clearly did not include other persons even when using an automobile with Schmidt's permission.

Form AL 8612a, attached to the policy, is entitled "FAMILY AUTOMOBILE COVERAGE (Individual Named Insured)." It covered liability of an "insured" arising out of use of an automobile. "Insured" was so defined, with respect to an owned automobile, as to include "any other person using such automobile, provided the actual use thereof is with the permission of the named insured."

Universal has stated its position as follows:

"Appellant also argues that the policy must be construed in its entirety. We agree. So construed it becomes obvious that the insured was an individual operating a garage business; that the policy issued to him contained three sections, three separate areas of coverage: under the first, Wisconsin Garage Endorsement 6735 UU, the operations of the garage were covered. Under the second, non-owner policy, Wisc. GAR #1, use of non-owned automobiles by the insured was covered (this section of the policy has no application to the question at issue). Under the third section, family automobile coverage, 8612 A, non-business use of the automobile by the insured, his family, and non-business permissive users were covered. It is clear that several different hazards are covered using separate and distinct endorsements within one

basic policy. It is obvious when considering the policy as a whole that no over-lapping coverage was provided and none was intended, either by the insured or by the insurer. The vehicle was loaned to Shapiro in the course of garage business and no coverage was intended or supplied for such use of an auto."

Lumbermens' position is stated as follows:

"The omnibus coverage statute (204.30 (3)) does not apply to Schmidt's garage business, but, under the decisions of this court, does apply to any garage policy which provides protection for a Schmidt automobile used by him or with Schmidt's consent and not being actually used in the garage business. The policy at bar insured Mr. Schmidt in his garage business and also covered any car used by Schmidt or with Schmidt's permission outside his garage business. Under the decisions of this court, the omnibus coverage statute covered any car used by Schmidt or with Schmidt's permission outside his garage business. When Schmidt delivered one of his garage cars to Dr. Shapiro for use of Dr. Shapiro in the latter's medical practice, the omnibus coverage under the statute protected this car and Dr. Shapiro, and that is true whether Schmidt delivered his garage car to Dr. Shapiro at the latter's home or in Schmidt's garage."

In form, the policy before us consists of a printed policy containing declarations, insuring agreements, exclusions, and conditions, together with several schedules and endorsements, including the garage and family automobile coverage endorsements previously referred to. Lumbermens contends that this assemblage of material into one contract gives rise to ambiguity which is to be resolved by construction most strongly against the insurer. We deem it sufficiently clear, however, that the parties to the contract intended that where Schmidt, with a purpose unrelated to his automobile sales and service business, used or permitted the use of one of his automobiles, the definition of "insured" in the family-coverage endorsement would apply, but in any other situation,

the definition of "insured" in the garage endorsement would apply. Thus when Schmidt gave permission to operate the automobile to one who was not his agent nor a member of his household, the crucial fact is the motivating purpose of the giving of permission. Here it is stipulated that the loan was made in the course of the garage business. It follows that Dr. Shapiro was not an insured under the terms of the policy.

The next question is whether sec. 204.30 (3), Stats., compels coverage of Shapiro under these circumstances, notwithstanding the intention of the parties to the contract. Sec. 204.30 (3) provides that,

". . . no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and the agents or employees thereof. . . ."

Thirty years ago, this court, relying in part upon administrative construction, decided that sec. 204.30 (3), Stats., does not extend the coverage of a liability policy insuring the owner of a public garage to other persons using the automobile with permission of such owner.[1]

We have since held that where a policy issued to a garage owner covers liability arising from nonbusiness use as well as from use for garage purposes, sec. 204.30 (3), Stats., does compel the inclusion of an omnibus coverage clause with respect to the nonbusiness coverage provided.

"The statutory purpose is to draw a distinction between a policy issued to a garage to cover liabilities arising out of the general operations of the garage business and one issued to protect the owner of an automobile as such from liability for the operation of that automobile.

"In this case the insurance company by including a coverage of the owner of the garage for pleasure purposes has

---

[1] *Mauel v. Wisconsin Automobile Ins. Co., Ltd.* (1933), 211 Wis. 230, 248 N. W. 121.

introduced into a standard garage policy the essential features of those policies which under sec. 204.30 (3), Stats., are required to include the omnibus coverage clause. . . .

"By assuming to insure Webb against liability arising out of the operation of his car for pleasure, the insurer, to the extent of this obligation, has created a 'privately owned car policy' and by operation of sec. 204.30 (3), Stats., the omnibus coverage clause is applicable to this engagement." [2]

"The exception made in sec. 204.30 (3), Stats., is to 'a public automobile garage, etc., . . . and the agents or employees thereof.' There is no ambiguity in the language and no construction is necessary to say that the exception applies only in the case of a garage *business*. If a policy covers liabilities arising out of the operations of the garage business, it is a garage liability policy coming within the statutory exception; if it includes coverage for purposes other than business purposes, the exception does not apply and omnibus coverage must be afforded to the extent of the obligation arising from other than business use." [3]

The policy before us complies with the rules just quoted because it affords omnibus coverage to the same extent as coverage of Schmidt's liability for nonbusiness use.

Perhaps the wisdom of permitting garage owners to lend cars to customers without providing liability insurance coverage is open to question. This, however, is the effect of sec. 204.30 (3), Stats., as interpreted for the past thirty years. We perceive no basis for reaching a different result with respect to the policy of insurance now under consideration. It seems merely to combine into one policy two types of coverage, to only one of which the omnibus coverage provision of sec. 204.30 (3) is applicable.

*By the Court.*—Judgment affirmed.

[2] *Culver v. Webb* (1944), 244 Wis. 478, 490, 12 N. W. (2d) 731.
[3] *Universal Underwriters v. Rogan* (1959), 6 Wis. (2d) 623, 632, 95 N. W. (2d) 921.