RUBY and others, Appellants, v. OHIO CASUALTY INSURANCE COMPANY and others, Respondents.

*November 30—December 22, 1967.*

354

For the appellants there was a brief by *Riggins &
McDonnell* and *William J. Riggins,* all of Milwaukee, and
oral argument by *William J. Riggins.*

For the respondents there was a brief by *Giffin, Simar-
ski, Goodrich & Brennan,* attorneys, and *E. J. Simarski*
of counsel, all of Milwaukee, and oral argument by *E. J.
Simarski.*

WILKIE, J.   The general issue on this appeal is wheth-
er the defendant auto dealer and its insurer are entitled
to summary judgment. Two subordinate questions are
presented:

*First,* is an issue of fact raised as to whether a
principal-agent relationship existed between Hendricks
Motors and Ruby at the time of the accident?

Although summary judgment is a drastic remedy [1] we
have held that on summary judgment:

". . . if the material facts are not in dispute and if the
inferences which may reasonably be drawn from the facts
are not doubtful and lead to only one conclusion, then only
a matter of law is presented which should be decided
upon the motion." [2]

This is precisely such a case. There is no issue of fact.

The *second* subordinate question is whether these un-
disputed facts create the legal relationship of principal-

---

[1] *Peterson v. Maul* (1966), 32 Wis. 2d 374, 376, 145 N. W. 2d 699.

[2] *Bond v. Harrel* (1961), 13 Wis. 2d 369, 372, 108 N. W. 2d 552,
citing cases.

agent or bailor-bailee between Hendricks Motors and Ruby.

If Adrian Ruby was acting as the agent of Hendricks Motors at the time of the accident, his negligence would be imputable to the dealer, thus making it liable for the plaintiffs' alleged injuries. No such imputation of negligence can be made if a bailor-bailee relationship exists.[3]

Appellant claims that there is a presumption of agency because the automobile was owned by Hendricks Motors. There is such a presumption of agency,[4] but it is a rebuttable presumption.[5]

The cases in which the presumption has not been rebutted involve fact situations of which the following are representative.

In *Strupp,* the owner was a passenger in his own car and he picked the route, gave directions and was clearly in control of the operation of the vehicle.

In *Le Sage v. Le Sage* [6] the owner of an automobile, though not a passenger, gave the driver express directions to undertake a trip for the owner's benefit.

In *Cochran* [7] the owner asked the driver to undertake a trip which discharged the owner from an obligation he had incurred.

These cases demonstrate that where an agency relationship exists, it is not predicated merely on ownership but also on the indicia of ownership such as the right to control the vehicle.

Appellants contend that one injured as the result of the negligent operation of a vehicle may recover from an automobile dealer and his insurer on a showing that the car

---

[3] *Calumet Auto Co. v. Diny* (1926), 190 Wis. 84, 208 N. W. 927; 8 Am. Jur. 2d *Bailments,* p. 1144, sec. 258.

[4] *Edwards v. Gross* (1958), 4 Wis. 2d 90, 95, 90 N. W. 2d 142; *Strupp v. Farmers Mut. Automobile Ins. Co.* (1961), 14 Wis. 2d 158, 168, 109 N. W. 2d 660; *Cochran v. Allyn* (1962), 16 Wis. 2d 20, 23, 113 N. W. 2d 538.

[5] *Strupp, supra,* footnote 4, at page 166.

[6] (1937), 224 Wis. 57, 271 N. W. 369.

[7] *Supra,* footnote 4.

was owned by the dealer and that, at the time of its negligent operation, it was being operated by a prospective purchaser. In substance, appellants would make such a prospective purchaser the agent of the dealer while he was trying the car. This raises a question of first impression in this court.

Cases involving garagemen may, by analogy, be helpful in resolving this issue.

In *Calumet* [8] the court stated that the lending of an automobile by a garage to a customer does not make the garage liable for injuries inflicted upon a third party by the customer's negligent operation of that vehicle. The court held that a bailor-bailee relationship was created and that within that relationship the bailor does not have any control, supervision, or direction over the acts of the bailee.

In *Mauel v. Wisconsin Automobile Ins. Co. Ltd.* [9] one Knapp was driving an automobile owned by the defendant, Bernhagen & Poepp Garage. Knapp was a prospective purchaser of the car. The plaintiff was injured in an accident caused by Knapp's negligence and brought an action against the garage (and its insurer) claiming that Knapp was its agent. While the issue in *Mauel* centered around a construction of sec. 204.30 (3), Stats. (omnibus clause) the court did say that a bailor-bailee relationship existed because, while Knapp was using the car he was acting for his own purposes (*i.e.*, determining whether to purchase it) and not for the garage. [10]

The annotation at 31 A. L. R. 2d (1953) 1445, entitled *Automobile Dealer—Liability,* discusses the very contention which the appellants make here. That annotation points out two basic rules which appear in cases involving the liability of an automobile dealer for the negligent operation by a prospective purchaser of a vehicle owned by the dealer.

---

[8] *Supra,* footnote 3.

[9] (1933), 211 Wis. 230, 248 N. W. 121.

[10] *Id.* at page 233.

The first rule is that the dealer is not liable if the negligent operation occurs while the purchaser is driving the car unaccompanied by the dealer or any representative of the dealer.[11] This situation does not create a principal-agent relationship, but instead, creates a bailment. As the North Dakota Supreme Court has stated, when a prospective purchaser

". . . accepts the use of a car in such circumstances he acts solely for his own benefit. His object is to satisfy himself as to the quality of the car in which he is interested. He is no more the agent of the seller than is the man who tests the weight of a piece of goods the agent of his tailor or the man who thumps a melon the agent of the grocer. In each case the test may result indirectly in benefiting the seller but this benefit is merely a coincidence entirely unrelated to the purpose of the tester." [12]

As stated by the Texas Court of Civil Appeals:

". . . In testing a car the prospective purchaser is not acting for the benefit, or in behalf of the seller, but is acting in behalf of himself. His own interests and those of the seller are antagonistic. That fact prevents the existence of the relation of principal and agent. False representations made by him to himself in connection with the demonstration would afford no basis for an action for cancellation. Knowledge acquired by him while making the demonstration would not be imputed to the seller. One essential element of agency, namely, one person acting for and in behalf of another, is wholly lacking. There is also lacking the essential element of control by the one of the actions of the other." [13]

The second rule is that if the negligent operation of a dealer's car by a prospective purchaser occurs while the dealer is present in the car, the dealer is liable for harm

---

[11] Annot. (1953), 31 A. L. R. 2d 1445, 1448.

[12] *State for Workmen's Comp. Fund v. Thompson* (1943), 73 N. D. 56, 60, 11 N. W. 2d 113.

[13] *Bertrand v. Mutual Motor Co.* (Texas 1931), 38 S. W. 2d 417, 418.

caused by the driver's negligence because, in such a situation, the operator is the agent of the dealer. An agency relationship exists in such a case because the dealer's continued presence in the car gives him a voice in its operation.

The annotation points out that in situations presenting facts similar to those in the instant case (*i.e.,* neither the dealer nor his representative was present in the car with the prospective purchaser when the accident occurred) the courts uniformly have refused to hold the dealer liable.[14] This is the better thinking and the granting of the motion for summary judgment is sustained.

Appellants' real quarrel is with the exemption of such an automobile dealer as the defendant from the statutory requirements for omnibus coverage (sec. 204.30 (3), Stats.). Appellants' recourse is to the legislature. It seems to us that the repeated practice of giving prospective purchasers the temporary possession and use of an automobile with the intention of completing a sale, such use giving rise to danger of injury to guests in the car or to other members of the public or their property, warrants legislative action to remove the exemption.

*By the Court.*—Judgment affirmed.

---

[14] *Supra,* footnote 11, at pages 1450, 1451. At least 18 states have followed this rule.