MAZIASZ, Plaintiff and Respondent, v. ANDERSON and others, Defendants and Appellants: OHIO CASUALTY INSURANCE COMPANY, Defendant and Respondent.*

*No. 37. Argued January 6, 1970.—Decided February 6, 1970.*
(Also reported in 173 N. W. 2d 585.)

* Motion for rehearing denied, with costs, on March 31, 1970.

For the appellants there was a brief by *Ames, Riordan, Crivello & Sullivan,* attorneys, and *John H. Ames* of counsel, all of Milwaukee, and oral argument by *John H. Ames.*

For the defendant-respondent there was a brief by *Giffin, Simarski, Goodrich & Brennan,* attorneys, and *Alvin A. Stack* of counsel, all of Milwaukee, and oral argument by *Mr. Stack.*

HEFFERNAN, J. The obligation of an insurance company is imposed either by the terms of the contract entered into with its named insured or by the provisions of statutory law which are imported into the contract by legislative enactment. *Stone v. Inter-State Exchange* (1930), 200 Wis. 585, 229 N. W. 26; *Drewek v. Milwaukee Automobile Ins. Co.* (1932), 207 Wis. 445, 240 N. W. 881.

It appears clear that no express coverage is afforded by the policy. The Ohio Casualty Insurance Company's policy insuring the hazards of the Bruce Municipal Equipment Company is limited to its obligation:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined."

The policy defines various hazards which may trigger coverage. We need not explore the several "hazard" situations outlined, for the simple reason that the incident which in fact occurred did not result in liability to Bruce Municipal Equipment Company "which the insured shall become legally obligated to pay."

In the circumstances of this case, Thomas was given a disposal truck as a loaner for use during the time that its vehicle was being repaired or was determined to be irreparable. This court has uniformly held that, under those circumstances, the relationship is that of bailor and bailee and that the bailor, in this case Bruce Municipal Equipment Company, is not legally obliged to answer in damages for the negligence of the bailee or its

agents in the operation of the vehicle. This principle holds that, absent an actual or implied principal-agent relationship between the bailor and bailee, the negligence of the bailee is not imputed to the bailor.

The first expression of this rule is to be found in *Calumet Auto Co. v. Diny* (1926), 190 Wis. 84, 208 N. W. 927. The rule of *Calumet Auto* was cited with approval in *Mauel v. Wisconsin Automobile Ins. Co., Ltd.* (1933), 211 Wis. 230, 248 N. W. 121. This court stated therein, citing *Calumet Auto:*

". . . the law is that the lending of a car by a garage to the customer does not create against the owner a liability arising out of negligent driving of the customer." (p. 234)

We have more recently held in *Ruby v. Ohio Casualty Ins. Co.* (1967), 37 Wis. 2d 352, 155 N. W. 2d 121, that, when an automobile sales agency places a car held for sale in the hands of a prospective buyer and that buyer operates the vehicle on a test run with his family and not in the company of a salesman, there was no liability upon the automobile dealer for the prospective purchaser's negligence.

It is thus apparent that the law in Wisconsin is undisputed and uniformly of the holding that the garageman is not liable for the negligence of the driver of a loaner.

In the instant case this rule of law requires the holding that under the express coverage terms of the policy, Ohio Casualty Insurance Company is not answerable in damages for the reason that its insured, Bruce Municipal Equipment Company, has incurred no legal obligation to pay damages.

The appellants, however, contend that certain provisions in the policy make applicable the omnibus coverage statute to the accident in question. Paragraph III, definition of insured, provides:

"With respect to the insurance under coverages A, B and D the unqualified word 'insured' includes the named

insured and also includes (1) any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy, and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. . . ."

The omnibus coverage statute is sec. 204.30 (3), Stats.:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant, such permission in both cases to be deemed permission without regard to s. 343.45 (2) or to whether the riding, use or operation is authorized by law; but no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and the agents or employes thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, endorsed hereon."

In *Mauel v. Wisconsin Automobile Ins. Co., supra,* this court concluded that extended insurance coverage need not be contained in a policy issued to a garage and that, therefore, the garageman's policy did not provide insurance coverage for one who was driving an auto-

mobile loaned to him by a garage. The court therein pointed out that this was an interpretation that it perhaps would not have reached absent the practical construction of the statute given theretofore by the insurance commissioner.

In *Ederer v. Milwaukee Automobile Ins. Co.* (1936), 220 Wis. 635, 265 N. W. 694, the converse of the situation was discussed, and it was concluded that the extended insurance provisions of an ordinary owner's policy should not be applicable to an automobile while it was being operated by a garage or one of its agents.

It is therefore apparent that, although, as this court has said earlier, this language results in a dubious public policy that denies coverage in a very frequently occurring situation, absent some language in a garage policy affording omnibus coverage, none would be afforded by the operation of the statute. The question posed in this case is whether the language relied upon by the appellants is of such a nature that omnibus coverage is afforded and Ohio Casualty Insurance Company is hence liable for the tort of the Thomas Disposal Service, although its named insured, Bruce Municipal Equipment Company, incurred no obligation.

*Universal Underwriters v. Rogan* (1959), 6 Wis. 2d 623, 633, 95 N. W. 2d 921, relied upon by the appellants, stated, "So long as liability for any use other than business is covered, the policy must contain the omnibus coverage clause."

The court therein, however, made it clear that it was relying upon *Culver v. Webb* (1944), 244 Wis. 478, 12 N. W. 2d 731, wherein there was a question of the non-business, pleasure use of the insured's automobile. The court in *Culver* stated:

"By assuming to insure Webb against liability arising out of the operation of his car for pleasure, the insurer, *to the extent of this obligation,* has created a 'privately owned car policy' and by operation of sec. 204.30 (3),

Stats., the omnibus coverage clause is applicable to this *engagement*." (Emphasis supplied.) Page 490.

A situation similar to that herein appears in *Albers v. Shapiro* (1963), 22 Wis. 2d 144, 125 N. W. 2d 321. Therein, insured was defined in a manner similar to that in the instant case:

" 'Insured' was so defined, with respect to an owned automobile, as to include 'any other person using such automobile, provided the actual use thereof is with the permission of the named insured.' "

That case pointed out that, when Dr. Shapiro was given the use of the automobile, the loan was made in the course of the garage business and that, construing the policy in its entirety, Dr. Shapiro was not an insured under the terms of the insurance contract.

We conclude that the same reasoning is applicable here. The policy makes some extended coverage available, but only for the "occasional use for other business purposes and the use for nonbusiness purposes."

It does not provide coverage, either express or by virtue of the omnibus statute, for a use of the automobile that results from the garage business of the named insured when the named insured incurs no legal liability.

In the instant case the loaned automobile was given to Thomas as a part of the garage business. His operation subsequent thereto as a bailee did not impose legal liability upon the insured,. nor, by virtue of either the contract or the omnibus statute, upon the insurer, Ohio Casualty Insurance Company.

It would appear, taking Ohio Casualty Insurance Company's policy as a whole, that there are three distinct situations contemplated which might affect coverage:

1. When the vehicle insured is used in the garage business under such circumstances as to create legal liability upon the named insured, the policy affords coverage.

2. When use of the vehicle is in the course of the garage business but the insured incurs no legal liability (the loaner situation), no coverage is afforded by the policy.

3. When use is for nongarage business purposes but is with the consent of the named insured and occurs under such circumstances that he incurs no legal liability, there is nevertheless coverage under the omnibus provisions of the statute and the rationale of *Universal Underwriters v. Rogan* and *Culver v. Webb,* but only to the extent to which the garage policy does not limit coverage.

Under the circumstances herein, we are satisfied that alternative 2 is applicable and no coverage is afforded to Thomas by Ohio Casualty Insurance Company's policy. It follows, therefore, that the trial court was correct in its judgment dismissing the Ohio Casualty Insurance Company and in its judgment finding the insurance afforded by The Travelers Insurance Company policy applicable.

*By the Court.*—Judgments affirmed.