DAIRYLAND INS. CO. v. KLUCKMAN et ux, Appellants,
UNIVERSAL UNDERWRITERS INS. CO., Respondent

(201 N. W. 2d 214)

(File No. 11015. Opinion filed October 5, 1972)

**Newell E. Krause, Lakeman & Krause,** Mobridge, for third party plaintiffs and appellants.

**Thomas A. Kolker, Maloney, Kolker, Kolker & Fritz,** Aberdeen, for defendant and respondent, Gerald G. Hilbers.

**Lloyd C. Richardson, Jr., Voas, Richardson, Groseclose & Korn-mann,** Aberdeen, for Universal Underwriters Insurance Co., third party defendant and respondent.

WOLLMAN, Judge.

This is the related appeal referred to in #10991, Dairyland Ins. Co. v. Kluckman, 86 S.D. 694, 201 N.W.2d 209, decided this date. The appeal is by Harlan Kluckman and Betty Kluckman defendants in the original declaratory judgment action brought by Dairyland Insurance Company, from an adverse judgment in their third party declaratory judgment action against Universal Underwriters Insurance Company.

On February 17, 1968, Gerald G. Hilbers (Hilbers) came to Hepper-Kluckman Motors, an automobile sales agency in Mobridge, South Dakota, for the purpose of test driving a used 1964 Oldsmobile 88 automobile owned by the sales agency in order to determine for himself whether or not he desired to purchase said automobile. While Hilbers was driving the automobile back to the Hepper-Kluckman Motors used car lot he collided with a building in Mobridge, injuring Harlan Kluckman, a partner in Hepper-Kluckman Motors, who had accompanied Hilbers on the test drive. Separate lawsuits were filed against Hilbers by Harlan Kluckman and his wife, Betty Kluckman, whereupon Dairyland Insurance Company, Hilbers' automobile liability insurance carrier brought the declaratory judgment action which gave rise to the appeal in #10991 and in which Harlan Kluckman filed a third party declaratory judgment action against Universal Underwriters Insurance Company.

The question presented is whether Hilbers is an insured under the general liability-automobile policy which had been issued by Universal Underwriters Insurance Company to Hepper-Kluckman Motors and which was in effect on the date of the accident. The pertinent part of the policy reads as follows:

"V PERSONS INSURED

"Each of the following is an **insured** under this insurance to the extent set forth below: * * *

(3) with respect to the **automobile hazard:**

\*      \*      \*      \*      \*      \*      \*      \*

(b) any other person or organization legally respon-
sible for the use thereof only while such **automobile**
is physically operated by the **named insured** or any
such partner or paid employee or director or stock-
holder, or member of the household of the **named
insured** or partner or paid employee or director or
stockholder, provided the actual use of the **automo-
bile** is by the **named insured** or with his permission."
(emphasis in original policy)

The trial court held that Hilbers was not an insured under
the provisions of the policy and entered judgment declaring that
Universal Underwriters Insurance Company was not obligated to
defend Hilbers or to provide coverage to him with respect to the
claims filed against him by Harlan Kluckman and Betty Kluck-
man.

It should be noted that the policy does not contain a so-called
"omnibus" clause extending coverage to persons using an auto-
mobile with the permission of the named insured. Thus the policy
is somewhat similar to those policies discussed in Schmierer v.
Mercer, 67 S.D. 639, 297 N.W. 682, and Mauel v. Wisconsin Auto-
mobile Insurance Co., 211 Wis. 230, 248 N.W. 121.

In the case of Orth v. Universal Underwriters Insurance Co.,
9 Cir., 284 F.2d 857, a prospective purchaser was involved in an
accident while test driving an automobile belonging to an auto-
mobile sales agency. The provisions of the policy covering the
sales agency were almost identical to those involved in the instant
case, reading as follows:

" * * * ' (3) any other person or organization legally
responsible for the use thereof only while such auto-
mobile is operated by the named insured or any such
partner or employee or director or stockholder, or member
of the household of the named insured or partner or em-
ployee or director or stockholder, provided the actual use
of the automobile is by the named insured or with his
permission.' "

The court held that the words "operated by the named insured" as used in the quoted portion of the policy referred to the actual physical control of an automobile and concluded that the word "operated" meant "driven." The court held that because the prospective purchaser was not a partner, employee, director or stockholder of the named insured nor a member of the household of a partner, employee, director or stockholder, he was not covered by the dealer's policy of insurance.

A comparison of the provisions of the policies in the Orth case and in the instant case reveals the policy covering Hepper-Kluckman Motors contains the additional words "physically" and "paid" in subparagraph (3) (b) quoted above. The effect of the additional words is to make the present policy even more restrictive than that in the Orth case by limiting those persons additionally insured by the further restriction that the physical operation of the automobile must be by, among others, a paid employee or a member of the household of a paid employee.

In the case of Universal Underwriters Insurance Co. v. Bush, 10 Cir., 272 F.2d 675, a prospective purchaser had an accident while driving an automobile belonging to an automobile sales agency. The garage liability insurance policy covering the sales agency contained an endorsement which provided in part as follows:

" 'Definition of Insured

'The unqualified word "insured" includes the named insured and also includes  *  *  *  (2) any partner, employee, director or stockholder of the named insured and any member of the family of the named insured, such partner, employee, director or stockholder while using any automobile covered by this endorsement, and any person or organization legally responsible for the use thereof while such automobile is operated by any such partner, employee, director, stockholder or family member, provided the actual use of the automobile is by the named insured or with his permission. This definition does not include:

\* \* \* \* \* \* \* \*

'(c) any person or organization with respect to any automobile loaned by or borrowed from the named insured except while such automobile is operated by the named insured or by any partner, employee, director, stockholder or family member' ".

In reaching the conclusion that the prospective purchaser was not covered under the policy, the court stated in part that:

" \* \* \* Although in another case the language might offer considerable difficulty in interpretation, it appears clear that the policy was intended to insure against the driving errors of the oft-repeated class, 'insured, partner, employee, family, director or stockholder' and not those of any person who might drive one of the insured vehicles.

"Additionally, the exclusion (c) would appear to eliminate Kaczar as an insured for his position when driving the car was as a 'borrower.' He was under an obligation to return the vehicle; he was not an employee nor the owner of a business interest in the sales agency.

"Circumstances of the contract execution similarly demonstrate an intention to so limit the risk accepted. The premium cost was lessened by the acceptance by the named insured of the endorsement containing exclusion (c)."

In the case of Albers v. Shapiro, 22 Wis.2d 144, 125 N.W.2d 321, the Wisconsin Supreme Court held that a customer of a garage who was involved in an accident while operating an automobile owned by the garage and which had been furnished to the customer for use while his own car was being repaired at the garage was not an insured under the terms of the liability insurance policy covering the garage which contained a garage endorsement described by the court as follows:

"It then provides that with regard to the defined hazard, the definition of insured in the policy is null and void and substitutes a definition which includes the named insured and others having specified agency, business, or family relationships to the named insured. The definition clearly did not include other persons even when using an automobile with Schmidt's permission." 125 N.W.2d 321, 322.

The Albers decision was followed by the Wisconsin court in Maziasz v. Anderson, 45 Wis.2d 664, 173 N.W.2d 585, in which it was held that one who was involved in an accident while driving a truck belonging to an equipment company was not an insured under a policy of insurance which defined the word "insured" to include,

" ' * * * (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the acutal use of the automobile is by the named insured or with his permission.' "

In summarizing its analysis of the policy in question, the court stated in part that:

"It would appear, taking Ohio Casualty Insurance Company's policy as a whole, that there are three distinct situations contemplated which might affect coverage:

*　　*　　*　　*　　*　　*　　*　　*

"2. When use of the vehicle is in the course of the garage business but the insured incurs no legal liability (the loaner situation), no coverage is afforded by the policy.

*　　*　　*　　*　　*　　*　　*　　*

"Under the circumstances herein, we are satisfied that alernative 2 is applicable and no coverage is afforded to Thomas by Ohio Casualty Insurance Company's policy."

The appellants urge that in construing the policy in question we should consider the matter of public policy expressed under that section of our Financial Responsibility Act which reads as follows:

SDCL 32-35-70:

"An owner's policy of liability insurance referred to in § 32-35-68 shall insure the person named therein and any other person as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicle or vehicles * * * ".

Because the provisions of the South Dakota Financial Responsibility Act, SDCL 32-35, are not applicable to the policy in question, we need not consider whether we should follow cases which have read the provisions of financial responsibility acts into a liability insurance policy. See, e. g., Iszczukiewicz v. Universal Underwriters Ins. Co., D.C.Ohio, 182 F.Supp. 733 (later expressly disapproved by the Ohio Supreme Court in Moyer v. Aron, 175 Ohio St. 490, 196 N.E.2d 454); Commercial Union Ins. Co. v. Universal Underwriters Ins. Co., Tenn., 442 S.W.2d 614.

On the date of the accident, South Dakota law did not require garage liability insurance policies to contain an omnibus clause. Thus the following quotation from the case of Albers v. Shapiro, supra, is instructive:

"Perhaps the wisdom of permitting garage owners to lend cars to customers without providing liability insurance coverage is open to question. This, however, is the effect of sec. 204.30(3), Stats., as interpreted for the past 30 years. We perceive no basis for reaching a different result with respect to the policy of insurance now under consideration. It seems merely to combine into one policy two types of coverage, to only one of which the omnibus coverage provision of sec. 204.30(3) is applicable." 125 N.W.2d 321, 324.

We note that under the provisions of Section 1, Ch. 275, Laws of 1970 (SDCL 58-23-4) automobile insurance policies covering those engaged in the business of selling, repairing, servicing, storing, leasing, or parking motor vehicles must extend coverage under certain conditions to those persons or organizations borrowing, renting or leasing vehicles from the insured. The effective date of the requirement of such coverage was July 1, 1970. See SDCL 58-23-5.

Because there was no requirement on February 17, 1968, that garage liability policies contain an omnibus clause and because the provisions of the policy in question are not ambiguous and are not fairly susceptible to a construction that would provide coverage to appellants, we conclude that the trial court was correct in holding that Hilbers was not an insured under the provisions of the automobile liability policy issued by Universal Underwriters Insurance Company to Hepper-Kluckman Motors. The judgment is affirmed.

All the Judges concur.