Barbara TERRY, Plaintiff-Co-Appellant,

v.

MONGIN INSURANCE AGENCY and Utica Mutual Insurance Company, Defendants-Appellants,†

Phillip G. WADZINSKI, Pecard Chemical Company, Valerie A. Winquist, Beth A. Boyer, Employers Mutual Casualty Company, and Security Mutual Casualty Company, Defendants-Co-Appellants,

Joan A. JOHNS, Defendant,

ECONOMY FIRE & CASUALTY COMPANY, Defendant-Respondent,

ASSOCIATED HOSPITAL SERVICES, INC., Intervening Plaintiff.

Court of Appeals

*No. 80–976. Submitted on briefs November 11, 1980.— Decided April 14, 1981.*
(Also reported in 306 N.W.2d 270.)

---

† Petition to review granted.

For the defendants-appellants there was a brief by *James J. Hinchey, Jr.* and *Everson, Whitney, Everson, Brehm & Pfankuch, S.C.,* of Green Bay.

For the defendants-co-appellants, Phillip G. Wadzinski, Pecard Chemical Company, Valerie A. Winquist and Employers Mutual Casualty Company, the cause was submitted on the briefs of *Philip A. Munroe* and *Di Renzo and Bomier* of Neenah.

For the defendant-respondent the cause was submitted on the brief of *F. F. Kaftan* and *Kaftan, Kaftan, Kaftan, Van Egeren, Ostrow & Gilson, S.C.,* of Green Bay.

Before Donlin, P.J., Foley, J., and Dean, J.

DEAN, J.   Barbara Terry appeals the circuit court summary judgment dismissing her complaint against Economy Fire and Casualty Company seeking a determination of insurance coverage for her automobile accident. Terry argues that the binder Economy issued to her required a ten-day notice of cancellation as provided in sec. 631.36 (2) (c), Stats.,[1] and therefore coverage was still in effect when she had her accident. Because this binder incorporated the statutory provisions regarding new policies, we reverse.

Terry applied for automobile insurance at Mongin Insurance Agency on December 17, 1976, paying the first month's premium. Economy sent Mongin a binder dated December 21, 1976, stating "application bound thirty days from date on the application pending file clearance

---

[1] Section 631.36 (2) (c), Stats., provides:

*New policies.* Paragraphs (a) and (b) do not apply to any insurance policy that has not been previously renewed if the policy has been in effect less than 60 days at the time the notice of cancellation is mailed or delivered. No cancellation under this paragraph is effective until at least 10 days after the 1st class mailing or delivery of a written notice to the policy-holder. Subsections (6) and (7) do not apply to such a policy.

unless terminated sooner or replaced by a policy." After checking Terry's traffic record, Economy informed Mongin on December 31, 1976, that it could not insure Terry. Economy advised Mongin to inform Terry that the binder coverage would cease on January 5, 1977. It is uncertain whether Mongin informed Terry of this on January 4 or January 7. On January 8, 1977, Terry had an accident before Mongin could obtain other insurance for her.

Economy maintains that the binder was effectively cancelled as of January 5. It argues that a binder is not an insurance policy and that this difference has been noted by the legislature.[2] Economy contends that sec. 631.36(2)(c) applies exclusively to policies and is not applicable to the binder.

An insurance binder is a contract of temporary insurance to be effective insurance coverage until a formal policy is drafted and issued.[3] Such contract of temporary insurance is construed as subject to the terms of the policy to be issued or the policy ordinarily used by the company.[4] Statutory provisions respecting the terms of insurance policies may not be abrogated by agreement[5] and will be incorporated into the policy.[6]

The ten-day notice of cancellation period in sec. 631.36 (2)(c) was incorporated into the insurance binder. Any

---

[2] *See* §631.05, Stats.

[3] *Lester v. Century Indemnity Co.*, 356 Pa. 15, 18, 50 A.2d 678, 680 (1947).

[4] *State Auto. Mut. Ins. Co. v. Babcock*, 54 Mich. App. 194, 204–6, 220 N.W.2d 717, 722 (1974). *See also Turner v. Worth Ins. Co.*, 106 Ariz. 132, 133, 472 P.2d 1, 2 (1970); *Georgia Farm Bureau Mut. Ins. Co. v. Gordon*, 126 Ga. App. 215, 216, 190 S.E. 2d 447, 448 (1972).

[5] *Lundin v. Aetna Ins. Co.*, 57 F.2d 959, 961 (7th Cir. 1932).

[6] *Maziasz v. Anderson*, 45 Wis.2d 664, 667, 173 N.W.2d 585, 586 (1970).

formal policy that Economy may have issued to Terry could not have abrogated this provision. Since the binder is construed from the expectant policy, which would have been subject to the ten-day notice provision, the binder could not have been cancelled without ten days' written notice. Economy's argument that sec. 631.36 (2) (c) applies only to "policies" has no force when the terms of the policy, with the resulting statutory protection, must be read into the binder.

This determination rests upon established rules for interpreting binder provisions and not upon a construction of sec. 631.36(2) (c). We note in passing, however, that sec. 631.36 is entitled "termination of insurance contracts by insurers," and that the words "contract" and "policy" are interchanged throughout the section. It is well established that an insurance binder is a contract.[7]

We are not unmindful of the importance of temporary insurance and the impact this decision may have on quick coverage of new applicants. The decision not to extend the ten-day notice period to binder cancellations stemming from agent misrepresentation, however, rests with the legislature and not with the courts.[8]

*By the Court.*—Judgment reversed.

[7] *Babcock* note 4; *Lester* note 3.
[8] *See Quindlen v. Prudential Ins. Co. of America,* 482 F.2d 876, 877 (5th Cir. 1973).