DECADE'S MONTHLY INCOME & APPRECIA-
TION FUND, a limited partnership, by its general
partners, Jeffrey Keierleber and Harold Barian, d/b/a
Decade Companies, a Wisconsin partnership, Decade
Securities Corporation and Decade Properties, Inc.,
Plaintiffs-Appellants,

v.

WHYTE & HIRSCHBOECK, S.C., Alvin Kriger and
Attorneys' Liability Assurance Society, Inc.,
Defendants-Respondents.†

Court of Appeals

*No. 90-2793. Submitted on briefs June 4, 1991.—Decided
August 13, 1991.*

(Also reported in 474 N.W.2d 766.)

†Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the briefs of *Quarles & Brady* by *Matthew J.*

*Flynn, Michael G. Carter* and *Colleen A. Scherkenbach,* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Gibbs, Roper, Loots & Williams, S.C.* by *Clay R. Williams, Robert L. Gegios* and *Jeffrey A. Kaczmarski,* of Milwaukee.

Before Moser, P.J., Fine and LaRocque, JJ.

MOSER, P.J. Decade's Monthly Income and Appreciation Fund (Decade's) appeals from an order granting summary judgment to Attorneys' Liability Assurance Society, Inc. (ALAS), the malpractice insurer of Whyte & Hirschboeck, S.C. (W&H), dismissing it from the case. The trial court held that because ALAS' policy of malpractice insurance was an indemnity policy, it is not subject to the requirements of secs. 803.04(2)(a) and 632.24, Stats., and therefore, Decade's could not maintain a direct action suit against ALAS.

The sole issue on this appeal is whether ALAS' professional insurance contract with W&H is an indemnity contract, and if so, if it is excluded from the mandates of secs. 803.04(2)(a) and 632.24, Stats., because of that fact.

The trial court granted summary judgment pursuant to sec. 802.06(2), Stats. The statutes and the case law require an appellate court to apply the same summary judgment standard as that of the trial court.[1] Summary judgment is appropriate when there are no material issues of fact and the party is entitled to judgment as a matter of law.[2] Because there were no material issues of fact, the trial court interpreted the contract as applied to the statutes in question. The interpretation of a contract

---

[1]*Palacios v. ABC TV & Stereo Rental of Milwaukee, Inc.,* 123 Wis. 2d 79, 83, 365 N.W.2d 882, 884-85 (Ct. App. 1985).
[2]*Id.* at 83, 365 N.W.2d at 884.

and how the statutes affect it are issues of law which appellate courts decide de novo.[3] Insurance contracts are controlled by the same methods of construction as other contracts.[4]

Insurance contracts are often grouped into two distinct categories: liability contracts and indemnity contracts. Liability contracts require the insurer to protect the insured from payment of a claim for which the insured is liable to a third party; indemnity contracts require the insurer to make the insured whole after the insured has sustained an actual loss.[5]

█

We agree with the trial court's legal conclusion that this legal malpractice insurance policy is an indemnity contract. We do so because throughout the contract, the parties refer to it as an indemnity policy and because of the plain language of paragraph IV. 8., which reads as follows:

Any payments by the Company to the ASSUREDS shall be made in Chicago, Illinois in U.S. Dollars, except that if the loss is incurred by the ASSUREDS in a currency other than U.S. Dollars, the amount payable to the ASSUREDS in U.S. Dollars shall be determined by the opening dollar buying rate for such currency in London, England on the date or dates *on which the loss is actually paid by the ASSUREDS.*

[3]*Duhame v. Duhame,* 154 Wis. 2d 258, 262, 453 N.W.2d 149, 150 (Ct. App. 1989).

[4]*Wood v. American Family Mut. Ins. Co.,* 148 Wis. 2d 639, 652, 436 N.W.2d 594, 599 (1989).

[5]*Agnew v. American Family Mut. Ins. Co.,* 150 Wis. 2d 341, 348, 441 N.W.2d 222, 225-26 (1989).

(Emphasis added.) This clause requires ALAS to make payment to W&H only after it sustains an actual loss.[6] It follows that under the terms of the indemnity policy, before ALAS makes any payment to W&H because of W&H's negligence, W&H must sustain a loss by way of an approved settlement or final judgment.

After determining that the insurance policy was one of indemnity, the trial court held that Decade's could not be sued in a direct malpractice action against W&H, therefore, it summarily dismissed ALAS as a party. It did so because it held that Wisconsin's direct action procedural statute sec. 803.04(2)(a), Stats., and its direct action substantive statute sec. 632.24, Stats., do not apply to indemnity contracts. To commence and maintain a direct cause of action against ALAS, Decade's must satisfy the requirements of both of Wisconsin's direct action statutes.[7]

The question before this court involves interpretation of and application of secs. 802.04(2)(a) and 632.24, Stats. "The construction of a statute in relation to a given set of facts is a question of law," reviewed independently by this court.[8] "The aim of all statutory construction is to discern the intent of the legislature."[9] The threshold question when construing statutes is whether the language is ambiguous.[10] If reasonable people could

---

[6]*See id.*

[7]*See Barter v. General Motors Corp.,* 70 Wis. 2d 796, 802, 235 N.W.2d 523, 526 (1975).

[8]*State v. Nordness,* 128 Wis. 2d 15, 24, 381 N.W.2d 300, 304 (1986).

[9]*State v. Duychak,* 133 Wis. 2d 307, 316, 395 N.W.2d 795, 799 (Ct. App. 1986).

[10]*Standard Theatres, Inc. v. DOT,* 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984).

disagree as to the meaning of a statutory term then it is ambiguous.[11] However, when the statutes are clear on their face, courts will not look beyond the language of the statute itself.[12] We further note that "[t]he obligation of an insurance company is imposed either by the terms of the contract entered into with its named insured or by the provisions of statutory law which are imported into the contract by legislative enactment."[13]

The procedural statute created by our supreme court reviewed here is sec. 803.04(2)(a), Stats., which reads as follows:

> **(2)** Negligence actions: insurers. (a) In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state.

[11]*Id.*

[12]*Rubi v. Paige,* 139 Wis. 2d 300, 306, 407 N.W.2d 323, 326 (Ct. App. 1987).

[13]*Maziasz v. Anderson,* 45 Wis. 2d 664, 667, 173 N.W.2d 585, 586 (1970); *see also Terry v. Mongin Ins. Agency,* 102 Wis. 2d 239, 241, 306 N.W.2d 270, 271 (Ct. App. 1981) *aff'd,* 105 Wis. 2d 575, 314 N.W.2d 349 (1982).

The plain language of this statute allows direct action against an insurer in a negligence action in which:

(1) The insurer has an interest in the outcome of the controversy adverse to the plaintiff or to any parties to the cause of action, *or*

(2) the insurance policy terms reserve the right to control the:

(a) prosecution,

(b) defense, or

(c) settlement of the claim or action, *or*

(3) the insurer agrees to engage counsel to prosecute or defend the action, *or*

(4) the insurer agrees to pay the cost of litigation.

The insurer "is by this section made a proper party defendant *in any action* brought by plaintiff in this state on account of any claim against the insured."[14]

ALAS' indemnity policy unequivocally controls the choice of counsel in defense of a claim, specifically controls any settlement of any negligence claim against W& H, and states that ALAS agrees to pay costs of litigation. It is to be noted that this procedural statute is couched in disjunctive[15] terms so that if an insurer has an interest in the suit at hand, or if the policy incorporates any

---

[14]Section 803.04(2)(a), Stats., (emphasis added).

[15]*See* 1A Sands, Sutherland on Statutory Construction sec. 21.14 (Rev. 4th ed. 1985); *Duychak,* 133 Wis. 2d at 317, 395 N.W.2d at 800 ("A strict reading of the word 'or' should not be undertaken where to do so would render the language of the statute dubious."). Failure to interpret the disjunctive "or" strictly would, in this case, render the clear and plain procedural value of the statute dubious.

of the disjunctive modes established in the statute, its plain language procedurally allows the insurer to be made a direct action party to the suit. ALAS' policy includes four of the alternatives noted in the statute. ALAS' argument that it has no interest adverse to Decade's in this action or controversy is unpersuasive because it patently has such an interest. As indicated, ALAS controls choice of defense counsel, the settlement of the claim, and agrees to pay all costs of litigation and ultimately if W&H is found more causally negligent than its insured, it will be required to pay the amount due less the amount of retention (the deductible) noted in the policy. Because of the above, ALAS' policy is within the parameters of the procedural direct action statute.

The substantive direct action statute enacted by the legislature reads as follows:

> **632.24 Direct action against insurer.** Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

The plain language of this statute requires that all insurers who insure against liability for negligent acts be subject to direct action suits, "irrespective of whether liability is presently established or is contingent and to become fixed or certain by final judgment against the insured."[16]

---

[16]Section 632.24; Stats.

We hold that because ALAS' interests are adverse to Decade's and because it insures W&H for payment of defense attorney's fees, costs and the pecuniary loss to any one who successfully claims to suffer losses against W&H because of negligent acts (malpractice) causing harm to that person or entity, or his/her or its property is, by the plain language of this substantive statute, subject to direct action suit. This is true regardless of whether the policy contract under consideration is liability insurance or indemnity insurance, which is payable on the contingency of a settlement approved by the insurer or a final judgment against the insured, subject only to the additional liability coverage protections enumerated by the terms of the policy. The legislature's intent is plainly stated, that all insurance policies that cover for loss due to negligence of an insured up to the amount stated in the bond or policy, though contingent, and to become fixed or certain by final judgment against the insured, subjects the insurer to the direct action provisions in this case regardless of whether the contract is one of liability or indemnity.

Therefore, the trial court erred in granting summary judgment dismissing Decade's direct action against ALAS. There are no material issues of fact, the law is clear that indemnity contracts such as this one are included within the provisions of both the procedural and substantive direct action statutes when construed together, and with the terms of the contract. On remand, the summary judgment order must be vacated and the trial court is instructed to grant summary judgment for Decade's.

While this appeal was pending and after conference decision, Decade's filed a motion for remand of the

record to allow the trial court to decide discovery issues and to set a scheduling order. This motion is denied.

*By the Court.*—Order reversed and cause remanded with directions.