Patricia A. GIBSON, as Natural Mother and Guardian of the Estate of Tracy L. Gibson, (Deceased), Interests of the Estate of Tracy L. Gibson, (Deceased), and Wisconsin Health Organization, (Subrogated Plaintiff), Plaintiffs,

v.

CITY OF GLENDALE POLICE DEPARTMENT, Donald Mahnke, Glendale Police Auxiliary, Boy Scouts of America, Boy Scouts of America, Milwaukee County Council No. 629, Glendale Police Explorer Post 700, Steve Buck, Guy Andreotti, Nicolet School District, Nicolet High School Board, Marilyn Franklin, Sarah Jerome, Betty Womack, Insurance Company of North America, Employers Insurance of Wausau, a Mutual Company, Cities and Villages Mutual Insurance Company and Rodney G. Gibson, Defendants.

No. 90–C–1136.

United States District Court, E.D. Wisconsin.

March 10, 1992.

William A. Pangman, William A. Pangman & Associates, S.C., Waukesha, Wis., Robert E. Litak, Milwaukee, Wis., for plaintiff Patricia Gibson.

Nancy Machinton, Mitchell, Baxter & Ziegler, S.C., Milwaukee, Wis., for subrogated plaintiff Wisconsin Health Organization.

Michael Malone, Thomas Mullins, Hinshaw & Culbertson, Milwaukee, Wis., for defendants Buck, Andreotti, Glendale Police Explorer Post 700, Glendale Police Auxiliary, Mahnke, Glendale Police Dept.

John Higgins, Straub & Schuch, Milwaukee, Wis., for defendant Employers Ins. of Wausau.

Raymond Pollen, Riordan, Crivello, Carlson, Mentkowski & Steeves, Milwaukee, Wis., defendants Womack, Jerome, Franklin, Nicolet School Dist., Nicolet High School.

Timothy Bascom, Bascom Law Offices, Milwaukee, Wis., for defendant Ins. Co. of North America.

Randolph E. House, Milwaukee, Wis., for defendant Rodney Gibson.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This removal action poses difficult and challenging questions implicating the federal removal statute, the Wisconsin "direct action" statute, and "pendent party" jurisdiction. The action, which was improperly removed, will be remanded to state court for lack of subject matter jurisdiction.

### I.

The action stems from the tragic death of Tracy L. Gibson following her fall from the roof of Nicolet High School on the evening of June 10, 1990. On October 23, 1990, the plaintiffs, Tracy Gibson's mother, Patricia A. Gibson, and Wisconsin Health Organization (a subrogated plaintiff), began this action by filing their original complaint in the Wisconsin circuit court for Milwaukee county. Given the derivative nature of the subrogated plaintiff's claim, the plaintiffs will be referred to collectively in the singular, as "the plaintiff." The original complaint asserted claims on behalf of the plaintiff under 42 U.S.C. § 1983, under state law of negligence, and under state law of wrongful death.

The original complaint identified the following defendants: City of Glendale Police Department; Donald Mahnke (chief of police); Glendale Police Auxiliary; Boy Scouts of America; Boy Scouts of America–Glendale Police Explorer Post 700; Steve Buck (a police officer); Guy Andreotti (an agent for the Boy Scouts and Explorer Post 700); "Nicolet High School District"; Nicolet School Board; Marilyn Franklin (school board president); CIGNA Insurance Corp (the insurer for the Boy Scouts and Explorer Post 700); "Mutual of Wausau Insurance Corp." (the misnamed insurer of the Nicolet School District); and "ABC & XYZ Insurance Corp." (fictitious names for the insurers of the City of Glendale and the City of Glendale Police Auxiliary).

The original complaint included seven counts. Count I asserted that defendants Buck, Andreotti, Mahnke, and Franklin "implemented an official custom, policy or practice of utilizing [Tracy Gibson], a minor, in hazardous police activities without proper training, supervision, or experience," which caused her death and constituted a reckless and deliberate indifference of her rights, actionable under 42 U.S.C. § 1983.

Count II asserted that defendant City of Glendale Police Department recklessly and with deliberate indifference delegated a "statutory and traditional state function duty to provide police protection for Nicolet High School" that caused Tracy Gibson to "engage in dangerous and hazardous duty as a minor" and deprived her of her rights under 42 U.S.C. § 1983.

Count III asserted that defendants City of Glendale Police Department, Nicolet School District, and Nicolet School Board "wilfully implemented an official custom, policy or practice with gross negligence and deliberate indifference while acting under color of state law sanctioning the use of children, including [Tracy Gibson], for inherently dangerous duties traditionally performed by public police," which deprived her of her rights under 42 U.S.C. § 1983.

Count IV charged that defendants Boy Scouts of America, Boy Scouts of America–Glendale Explorer Post 700, and City of

Glendale Police Auxiliary caused Tracy Gibson "to engage in hazardous police activities without proper training, supervision, or experience," which caused her death and recklessly and with deliberate indifference deprived her of her rights under 42 U.S.C. § 1983.

The remaining three counts arose under state, and not federal, law: Count V charged defendants City of Glendale Police Department, Mahnke, Franklin, City of Glendale Police Auxiliary, Boy Scouts of America, Boy Scouts of America–Glendale Explorer Post 700, Buck, and Andreotti with participating in a conspiracy to cover up the events that are alleged to have resulted in Tracy Gibson's death. Count VI charged "all defendants" with having breached their duty of reasonable care (a claim of negligence); and Count VII charged "all of the defendants" with the tort of wrongful death.

Notably, the insurers (although listed in the caption) were not named in any of these counts.

On November 28, 1990, defendant Nicolet High School removed the action under 28 U.S.C. § 1441, based upon the existence of a federal question under 42 U.S.C. § 1983. *See also* 28 U.S.C. §§ 1331 and 1343. While at the time of removal the complaint did not specifically identify by name all defendants (the complaint named certain "fictional" defendants), each of the defendants who had then appeared in the action—including the insurers—consented to removal. None of those parties questioned the propriety of removal nor did the plaintiff.

On August 27, 1991, the plaintiff filed an amended complaint with leave of the court, *see* Minute Order of August 27, 1991. The amended complaint purported to identify additional defendants against whom no federal claims are expressly made: Insurance Company of North America, Employers Insurance of Wausau (correcting a misnomer in the original complaint), and Cities and Villages Mutual Insurance Company. (All insurance companies named or identified in the amended and original complaints will be referred to collectively as "the insur-

ers.") The amended complaint also added other defendants: Rodney Gibson (the father of Tracy Gibson and former husband of Patricia Gibson), Sarah Jerome, and Betty Womack (both employees of the Nicolet School District). (The defendants named in the original complaint, exclusive of the insurers, will be referred to collectively as "the actual defendants.")

The presence of defendants against whom no federal claims were asserted alerted the court's attention to a potential subject-matter jurisdiction problem, which the court called to the attention of the parties at a status conference conducted on August 27, 1991. Unsatisfied with counsel's response, the court, by letter of October 23, 1991, once again, brought the potential jurisdiction problem to the attention of the parties. In its letter, the court expressed its concern that the exercise of "pendent party" jurisdiction over the insurers may be infirm insofar as 42 U.S.C. § 1983 does not authorize "pendent party" jurisdiction, citing *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). The court also noted that the original complaint was filed (and the underlying action was removed) prior to the December 1, 1990, effective date of the supplemental jurisdiction statute, 28 U.S.C. § 1367, which may otherwise have authorized the court to exercise pendent party jurisdiction in the exercise of its discretion. *See McGraw-Edison Co. v. Speed Queen Co.,* 768 F.Supp. 684, 687–88 (E.D.Wis.1991) (Gordon, J.).

## II.

On November 22, 1991, the plaintiff filed a motion to remand the action to state court, which motion has been opposed by the actual defendants.

## A.

At the time the action was removed, the plaintiff asserted federal claims under 42 U.S.C. § 1983 against all of the actual defendants but no federal claims against the insurers. The plaintiff did not then chal-

lenge the propriety of the removal of the action. But for the so-called "direct action" statute, Wis.Stat. § 632.24, there could be no claim that the insurers are liable under 42 U.S.C. § 1983, because there is no suggestion that the insurers had any causal connection to the allegedly unconstitutional acts that allegedly precipitated Tracy Gibson's death.

■ Nevertheless, it is claimed that the "direct action" statute transforms these insurers into proper parties-defendant in the action. The "direct action" statute states as follows:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

Wis.Stat. § 632.24. The "direct action" statute creates a substantive, if derivative, claim against the insurer on behalf of persons injured by its insured. *See, e.g., Decade's Monthly Income & Appreciation Fund v. Whyte & Hirschboeck, S.C.,* 164 Wis.2d 227, 232, 474 N.W.2d 766 (Ct.App. 1991) (referring to Wis.Stat. § 632.24 as "substantive"); *cf. Miller v. Wadkins,* 31 Wis.2d 281, 142 N.W.2d 855 (1966). To the extent that the plaintiff asserts negligence claims (under state law) against the actual defendants, the "direct action" statute also grants her the right to assert those claims directly against the actual defendants' insurers.

With this understanding of the "direct action" statute, the court must now determine whether the action was properly removed.

### B.

■ In response to the plaintiff's motion to remand, the actual defendants now assert that the removal petition was founded on 28 U.S.C. § 1441(b), although that information was conspicuously absent from the petition. That subsection, as in effect at the time the action was removed, stated as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (1988). For purposes of this subsection, the term "civil action" has generally been construed to include all claims and causes of action—not just a portion of them, *see Simmons v. State of California,* 740 F.Supp. 781, 785–86 (E.D.Cal.1990). *See also* Rule 2, Federal Rules of Civil Procedure ("[t]here shall be one form of action to be known as a 'civil action'"); *Nolan v. Boeing Co.,* 919 F.2d 1058, 1066 (5th Cir.1990) ("[i]n federal practice, the terms 'case' and 'action' refer to the same thing, *i.e.,* the entirety of a civil proceeding"), *cert. denied,* —— U.S. ——, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991); *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1376 (5th Cir.1980). *But see Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d 1, 11 (1st Cir.) (construing each *cause* of action as a separate suit), *cert. denied,* 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983); Joan Steinman, *Removal, Remand, and Review in Pendent Claim and Pendent Party Cases,* 41 Vand.L.Rev. 923, 947 (1989).

The plaintiff's original complaint and amended complaint each contain the two pertinent sets of claims: The plaintiff's 42 U.S.C. § 1983 *claims* against the actual defendants obviously fall within the original jurisdiction of this federal court, *see* 28 U.S.C. §§ 1331 and 1343. However, the "pendent party" *claims* against the insurers—against whom *only* state law claims are lodged—do not. In order for "pendent party" jurisdiction to exist over the insurers, the federal law ostensibly granting federal jurisdiction, 42 U.S.C. § 1983,

would have to authorize it. It has long been settled that no such jurisdictional authorization exists under 42 U.S.C. § 1983. *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976); *see also Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (reaffirming the narrow rule of "pendent party" jurisdiction set forth in *Aldinger* ).

Under *Aldinger* and *Finley,* the court would be exceeding its statutorily conferred authority if it exercised "pendent party" jurisdiction over the insurers—defendants against whom no federal claims are made. Thus, the "civil action" as constituted in its *entirety* at the time of removal—with federal and state law claims against the actual defendants but only state law claims against the insurers—was not within the original jurisdiction of this district court. Accordingly, removal under § 1441(b) was improper.

■ The actual defendants did not assert, and do not now assert, that 28 U.S.C. § 1441(c) is a proper basis for removal. Nevertheless, given the potential applicability of that subsection, the court has considered it, as well. That subsection, at the time the action was removed, stated as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1988).

It may be that the defendants did not rely on this subsection because they have concluded that the plaintiff's claims against the insurers under the "direct action" statute were not "separate and independent" from the plaintiff's claims against them. At all events, upon review of the original complaint, the court is convinced that all claims in this action arise out of the same transaction or occurrence: the death of Tracy Gibson. Accordingly, removal under

§ 1441(c), preconditioned on the existence of an otherwise removable "separate and independent claim," would not have been proper. *See American Fire & Casualty Insurance Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (there is no "separate and independent claim" under § 1441(c) where there is a "single wrong").

Having examined the original complaint against the restrictions of these removal statutes, the court is convinced that the removal of this "civil action" was improper because it was not within the original jurisdiction of this federal district court at the time it was removed. *"Aldinger* closes the door to [the plaintiff's] 'pendent party' claims and § 1441(c) fails to reopen it." *Charles D. Bonanno Linen Service,* 708 F.2d at 10. Accordingly, the action must be remanded.

### C.

■ Nevertheless, there is some authority for the proposition that a district court may effect a "partial remand"—the retention of the claims and parties over which there is federal jurisdiction and the remand of the rest to state court. *See, e.g., Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d 1 (1st Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983); *Adolph Coors Co. v. Sickler,* 608 F.Supp. 1417, 1425–26 (C.D.Cal.1985). Indeed, partial remand seems like an attractive compromise.

The court is troubled with the fact that the *state* "direct action" statute, its laudable policy goals notwithstanding, has otherwise operated to defeat *federal* jurisdiction over this civil action. The effect of the court's determination that the action was improperly removed will be to preclude the actual defendants from defending against the plaintiff's 42 U.S.C. § 1983 claims in federal court—where they would have liked to do so.

However, notwithstanding 28 U.S.C. § 1441(c), which is inapplicable to this action, the court finds no basis in any of the removal statutes for "partial remand." *See also* 28 U.S.C. § 1447(e) (the court, in

its discretion, may permit the plaintiff to amend the complaint after removal but must remand "the action" in its entirety if the amendments destroy subject matter jurisdiction). Furthermore, the court construes 28 U.S.C. § 1441(b) to require the following determination: Is the entire "civil action" within the original jurisdiction of the district court or is it not? If, as here, it is not, removal is improper under that subsection.

In addition, the following considerations support the court's decision to remand the action in its entirety:

1. It is well-settled that the plaintiff is ordinarily to be viewed as the "master" of the pleadings. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1075 (7th Cir.1992); *Sluder v. United Mine Workers of America*, 892 F.2d 549, 556 (7th Cir.1989) (the plaintiff is "master of the claim"), *cert. denied*, —— U.S. ——, 111 S.Ct. 45, 112 L.Ed.2d 21 (1990). The "civil action" that was removed, as it was originally constituted by the plaintiff, included both federal and state law claims against the actual defendants and state law "direct action" claims against the insurers. There is no suggestion that the "direct action" claims are merely colorable or that the plaintiff improperly constituted the action to avoid federal jurisdiction. As master of the pleadings, the plaintiff originally selected a state forum, and her motion to remand evidences her desire to return there, notwithstanding her federal claims. To force the plaintiff to litigate her claims in two forums would be to impose unnecessary costs on her.

2. The Wisconsin state circuit court is a court of plenary jurisdiction, *see* Wis. Const. art. VII, sec. 8 ("[t]he circuit courts shall have original jurisdiction in all matters civil...."). Accordingly, it is a forum—indeed, the only forum—that unequivocally has jurisdiction over all claims in this action. *See Felder v. Casey*, 487 U.S. 131, 139, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988) (state courts have concurrent jurisdiction over claims arising under 42 U.S.C. § 1983); *Terry v. Kolski*, 78 Wis.2d 475, 497, 254 N.W.2d 704 (1977).

Furthermore, there is no question that state courts are obligated to uphold the supremacy of federal law, *see Testa v. Katt*, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1946), subject to appellate review by the United States Supreme Court, *see Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816). *See also* Ann Althouse, *How to Build a Separate Sphere: Federal Courts and State Power*, 100 Harv.L.Rev. 1485 (1987).

3. The court is convinced that a Wisconsin circuit court is an entirely competent forum to litigate claims based on federal civil rights. Nevertheless, it must be conceded that, irrespective of the competence of the state court, a ruling that confines parties unwillingly to litigate federal rights—civil rights in particular—in state court is troublesome. However, the "trouble" is of less concern where, as here, the only unwilling parties are the "persons" alleged to have *violated* the rights under color of state law. The well-known purpose of 42 U.S.C. § 1983, with its origin in § 1 of the Civil Rights Act of 1871, was to provide a federal forum for civil rights *plaintiffs*. *See Felder*, 487 U.S. at 147, 108 S.Ct. at 2311. The purpose was implemented out of a concern that those who had been deprived of their constitutional rights by persons acting under color of the laws of a state would otherwise be forced to attempt to vindicate those rights in the courts of that very state. That purpose is not disserved where, as here, it is the intended beneficiary of § 1983—the civil rights plaintiff—who elects to litigate in a state forum.

4. The enactment of 28 U.S.C. § 1367, which vests district courts with authority to exercise "pendent party" jurisdiction in actions filed after December 1, 1990, satisfies the court that the troublesome aspects of the disposition of this action are unlikely to recur. *See Alexander by Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1222–23 (M.D.Ala.1991) (discussing the "jurisdictional support" that 28 U.S.C. § 1367 will provide in removal cases). Accordingly, there is no reason to do violence to the plain language of the governing removal statutes, *cf. Adolph Coors Co. v.*

*Sickler,* 608 F.Supp. 1417, 1425–26 (C.D.Cal.1985) (acknowledging that the term "civil action" appearing in the removal statute denoted the entirety of claims but allowing "partial remand" of claims against those parties over which there was no subject matter jurisdiction).

### III.

The court is constrained to conclude that the "civil action" constituted by the plaintiff's original complaint was improperly removed, *see* 28 U.S.C. § 1441(b) and (c). In addition, the court is convinced that it presently lacks subject matter jurisdiction over the "case"—the "civil action" constituted by the plaintiff's amended complaint, *see* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Accordingly, the "civil action" (that is, the "case" in its entirety) will be remanded to the Wisconsin circuit court for Milwaukee county.

### ORDER

Therefore, IT IS ORDERED that the plaintiffs' motion to remand be and hereby is granted.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to remand the civil action in its entirety to the Wisconsin circuit court for Milwaukee county in accordance with 28 U.S.C. § 1447(c).